FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 3 2003

*[signature]*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE GRANO, et al others
similarly situated,

      Plaintiff,

v.                                                                                      No. CIV-03-0340 WPJ/LCS

JOHN SHANKS,
RON LYTLE,
ART MURPHY,
ADDUS MEDICAL SERVICES,
DAVID BACA,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28

U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff was incarcerated when he filed his complaint.

and he appears pro se and in forma pauperis. For the reasons below, certain of Plaintiff's claims will

be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which

relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P.

12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the

facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court

applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

8

allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff contracted a bacterial infection as a result of unsanitary conditions in a weight room at the facility where he was confined. Defendants knew of the conditions but did not correct them. Plaintiff also alleges that was denied necessary medical treatment, and he claims that other inmates are at risk of being infected. He alleges he has exhausted administrative remedies. The complaint seeks damages and injunctive relief.

The complaint contains no allegations against Defendant Shanks, the former Deputy Secretary of the New Mexico Department of Corrections, affirmatively linking him to the asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendant Shanks will be dismissed.

No relief can be granted on Plaintiff's claims on behalf of other inmates or for an injunction. With respect to the purported claims of other inmates, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Furthermore, Plaintiff has been released, and thus his claims for prospective relief lack the necessary factual allegation that he faces similar injury in the future. *See Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (no claim for equitable relief without showing likelihood of future injury). "[A] claim . . . seeking prospective mandamus relief solely related to conditions of confinement becomes mooted by that inmate's subsequent release." *Trammell v. Sawyer*, No. 00-6150, 2000 WL 1737813, at *1 (10th Cir. Nov. 24, 2000); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). These claims

2

will be dismissed.

Plaintiff may not proceed on his claims against Defendants in their official ("professional") capacities. Claims against these Defendants are equivalent to claims against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against these Defendants fail to state claims against "persons" for purposes of § 1983. *Will*, 491 U.S. at 71. "The Supreme Court held in *Will* that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983. As we explained . . . . "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.'" *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted). Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Shanks, and the claims on behalf of other inmates, are DISMISSED with prejudice; and these parties are DISMISSED from this action;

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants in their official ("professional") capacities are DISMISSED with prejudice;

IT IS FINALLY ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Lytle, Murphy, Addus Medical Services, and Baca on Plaintiff's claims for damages.

UNITED STATES DISTRICT JUDGE

3