IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE GRANO,

        Plaintiff,

vs.                                                                 Civ. No. 03-0340 WPJ/LCS

**RON LYTLE, Warden, Central New Mexico**
**Correctional Facility, et al.,**

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.   Proposed Findings**

**THIS MATTER** came before the Court on Defendants Baca, Murphy, and Lytle's Motion to Dismiss, filed on September 16, 2003. Doc 20. The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, recommends that Defendants' Motion is well-taken and should be **GRANTED**.

Defendants Baca, Murphy, and Lytle answered Plaintiff's Complaint on July, 16, 2003. Doc. 16. Defendants raised issues in their answer that the Court construed as a Motion to Dismiss the Complaint. As such, the Court entered a Briefing Schedule Order in which Defendants were to file a memorandum in support of their Motion to Dismiss by September 16, 2003; Plaintiff was to file a response brief by November 10, 2003, and Defendants were to file a reply brief by November 25, 2003. Doc. 17. Defendants filed their Motion to Dismiss with supporting memorandum on September 16, 2003. Docs. 20-21. On November 10, 2003, Plaintiff filed a Motion for an Extension of Time to file a response to the Motion to Dismiss. Doc. 22. On November 18, 2003, The Court

granted Plaintiff's Motion and updated the Briefing Schedule, requiring Plaintiff to file a response brief to the Motion to Dismiss by December 2, 2003 and for Defendants to file a reply brief by December 17, 2003. Doc. 24. Plaintiff has failed to file a response brief.

**II.     Analysis**

Plaintiff has failed to timely respond to the Motion to Dismiss. Plaintiff has come forward with no additional information to controvert the information provided in the Answer and the Motion to Dismiss with supporting memoranda. In the November 18, 2003 Order, the Court reminded Plaintiff "that failure to file a Response within the time period specified in this Order will be considered a consent by the Plaintiff to granting the Motion[s] to Dismiss WITH PREJUDICE." *Id.*

Civil Rule 7.1 (b) of the District of New Mexico Local Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Plaintiff failed to file a response to the Motion to Dismiss within the specified time. As such, the failure of Plaintiff to respond to the Motion within the period specified by the Court constitutes his consent to granting of the Motion.

In *Meade v. Grubbs*, the Tenth Circuit noted that "[d]ismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances." *Meade v. Grubb*s, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)(internal citations omitted). The *Meade* analysis requires the Court to consider three aggravating factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[1]

---

[1] *Meade*, 841 F.2d at 1521 (internal citations omitted).

The Tenth Circuit has placed particular emphasis on the third factor.[2] In *Hancock v. City of Oklahoma City*, an attorney inadvertantly overlooked opposing counsel's service of motion for summary judgment and therefore failed to respond, resulting in delay of almost two weeks. *Hancock v.City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988). The Court of Appeals held that the district court abused its discretion in denying plaintiff's motion for reconsideration following the dismissal of the case based on a local rule. *Id.* In *Hancock*, the non-moving party was not even aware of opposing counsel's motion and understandably failed to respond in a timely manner. *Id.* In the instant matter, however, Plaintiff was aware of Defendants' Motion to Dismiss and was not timely with his response to the motion. Moreover, the Court generously extended the time period for Plaintiff's response and Plaintiff failed to respond within the specified time limits. As such, this is the extreme situation alluded to in *Meade*, and it therefore warrants a severe sanction.

In the instant matter, I have considered Plaintiff's failure to timely respond to the Motion, the prejudice to Defendants caused by Plaintiff failure to comply with the Order of the Court, and the consequent waste of valuable judicial resources. I note that Plaintiff has provided the Court with no information to indicate any lack of culpability on his part for his failure to timely respond. Moreover, the Court has reviewed Defendants' Motion to Dismiss and it appears meritorius on its face.

## III.    Recommended Disposition

I recommend that the Motion to Dismiss be granted in favor of Defendants Baca, Murphy and Lytle, and against Plaintiff.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

---

[2] *See also, Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                     _____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**